UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FATIMA SESAY,<br><br>                             Plaintiff,<br><br>            -against-<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>                             Defendant. | 23 Civ. 6084 (PAE)<br><br>TRANSFER ORDER |

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Fatima Sesay, of Brooklyn, Kings County, New York, brings this *pro se* action asserting claims against Equifax Information Services LLC ("Equifax") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1]  For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2]  *See id.* § 1391(c).

---

[1] Plaintiff has paid the fees to bring this action.

[2] With respect to the residency of a defendant that is a corporation, for venue purposes:

Plaintiff alleges that Equifax is "a Georgia corporation duly authorized and qualified to do business in the State of New York." Dkt. 1 ¶ 5. She states that this court is a proper venue for this action because Equifax "transact[s] business here, and the conduct complained of occurred here." *Id.* ¶ 2. She further alleges that Equifax "is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit[w]orthiness, credit standing, or credit capacity." *Id.* ¶ 6. Other than those conclusory statements, however, plaintiff does not specify how this court has personal jurisdiction over Equifax. Thus, it is unclear whether plaintiff has alleged facts sufficient to show that Equifax resides in this judicial district and, therefore, whether this court is a proper venue for this action under Section 1391(b)(1).

In addition, plaintiff appears to state that the events alleged occurred within this judicial district, but she alleges no other facts supporting that statement. Further, she alleges that she resides in Brooklyn, in Kings County, which lies within the Eastern District of New York, and it appears likely that the events alleged actually occurred in the Eastern District of New York and not in this judicial district.[3] Thus, it is not clear that this court is a proper venue for this action under Section 1391(b)(2).

---

    in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] The Southern District of New York is comprised of the following New York State counties: (1) New York; (2) Bronx; (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings; (3) Queens; (3) Richmond; (4) Nassau; and

But even if the Court were to assume that Equifax resides within this judicial district or that at least some of the events alleged occurred within this judicial district, making this court a proper venue under Sections 1391(b)(1) or (2), because it appears that Equifax may also reside in, among other places nationwide, Kings County, and because at least some of events alleged occurred in Kings County, the United States District Court for the Eastern District of New York also appears to be a proper venue for this action under Section 1391(b)(1) and/or (2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff[']s choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances." *Keitt v. N.Y.C.*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York appears to be appropriate for this action. Equifax may reside in the Eastern District of New York and, more importantly, the underlying alleged events appear to have occurred, at least, in significant part, in Kings County, also in the Eastern District of New York; it is therefore

---

(5) Suffolk. *Id.* § 112(c).

reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York and close this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  July 28, 2023
        New York, New York

                                                    *Paul A. Engelmayer*
                                            _____
                                                    PAUL A. ENGELMAYER
                                                    United States District Judge